## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## at LEXINGTON

**Civil Action No. 07-4-HRW**

**WILLIAM BACH**,

                                                **PLAINTIFF,**

v.                          **MEMORANDUM OPINION AND ORDER**

## MICHAEL J. ASTRUE
## COMMISSIONER OF SOCIAL SECURITY,                **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for supplemental

security income benefits. The Court having reviewed the record in this case and

the dispositive motions filed by the parties, and being otherwise sufficiently

advised, for the reasons set forth herein, finds that the decision of the

Administrative Law Judge is supported by substantial evidence and should be

affirmed.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income

benefits on December 23, 2003, alleging disability beginning on October 13, 2003,

1

due to degenerative disc disease and arthritis (Tr. 57-59). This application was denied initially and on reconsideration.

On August 19, 2005, a video teleconference hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 154-176). At the hearing, Martha Goss, a vocational expert (hereinafter "VE"), also testified (Tr. 176-179).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

2

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 12, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 19-25). Plaintiff was 52 years old at the time of the hearing decision (Tr. 20, 57). He has a high school education as well as one year of college (Tr. 156). His past relevant work experience consists of work as a logger and equipment operator (Tr. 177).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease of the lumbar spine at L4 and L5-S1 and a compression fracture at T12 and L4 with non-union at T-12, which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 24) but determined that he has the residual functional capacity ("RFC") to perform a limited range of light exertional work, with certain limitations set

3

forth in his decision (Tr. 24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 23).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 20, 2006 (Tr. 8-10).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 5 and 6] and this matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to give proper weight to the opinion of his treating physician Dr. Harry Lockstadt and (2) the ALJ improperly evaluated Plaintiff's credibility.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to give proper weight to the opinion of his treating physician Dr. Harry Lockstadt.

The Court is mystified by this contention. First, based upon the record, Dr. Lockstadt examined Plaintiff on one occasion - May 27, 2004. Therefore, he is

not considered a treating source and thus not entitled to greater deference. *See* 20 C.F.R. § 416.927(d).

Further, contrary to Plaintiff's assertion, the ALJ did indeed rely upon Dr. Lockstadt's opinion. The ALJ incorporated Dr. Lockstadt's recommended physical limitations into the RFC (Tr. 24). Specifically, the ALJ heeded Dr. Lockstadt's opinion that Plaintiff could not do any heavy lifting, pushing or pulling and should avoid exposure to full body vibration (Tr. 145). Notably, no other medical source of record recommended limitations in excess of those Dr. Lockstadt indicated and those the ALJ adopted. The Court finds no error in the ALJ's consideration of the opinions of Dr. Lockstadt.

Plaintiff's second claim of error is that the ALJ improperly evaluated Plaintiff's credibility.

Upon review of an ALJ's decision, this Court is to accord the ALJ's determinations of credibility great weight and deference as the ALJ has the opportunity of observing a witness' demeanor while testifying. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997). Again, this Court's evaluation is limited to assessing whether the ALJ's conclusions are supported by substantial evidence on the whole record.

In this case, the ALJ found that the record "does not support [Plaintiff's]

6

testimony regarding the intensity and persistence of his symptoms, which he alleges are disabling" (Tr. 22).

With regard to the medical evidence, the record is devoid of objective evidence of disabling pain or impairment.   While the ALJ did not suggest that Plaintiff is pain-free, there is substantial medical evidence in the record that Plaintiff is capable of performing work-related activity.

In addition, the ALJ found that despite allegations of disabling impairments, Plaintff engages in a wide variety of household and other daily activities.   The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).   The record shows that Plaintiff drives, does his own shopping, cooks, does housework and mows his lawn (Tr. 22. 166-167).

Given the inconsistent and contradictory evidence,  the Court finds the ALJ's  assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

7

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant

will be entered contemporaneously herewith.

This _23_ day of October, 2007.


Henry R. Wilhoit, Jr., Senior Judge

8